**The court incorporates by reference in this paragraph the Judgment set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



_____
John P. Gustafson
United States Bankruptcy Judge

**Dated: March 14 2016**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In Re: ) | Case No. 12-33850 |
| ) | |
| Robert F. Hadley, Jr., ) | Chapter 7 |
| ) | |
| Debtor. ) | Adv. Pro. No. 14-3089 |
| ) | |
| Douglas A. Dymarkowski, Trustee, ) | Judge John P. Gustafson |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Barry E. Savage, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING MOTION TO AMEND AND MODIFY THE JUDGMENT**

This adversary proceeding is before the court on Defendant Barry E. Savage's ("Defendant") "Motion for New Trial or in the Alternative to Amend and Modify the Judgment" ("Motion"). [Doc. # 53].

In the Memorandum of Decision and Order issued on November 23, 2015, the court granted Plaintiff Douglas E. Dymarkowski's ("Plaintiff") motion for summary judgment in part and denied Defendant's motion for summary judgment. [Doc. # 44]. After a further hearing was held to determine the value of judgment to be entered, the court entered its

judgment on Plaintiff's Complaint on February 24, 2016. [Doc. # 50].

Defendant's Motion asks the court to grant a new trial, or in the alternative, to amend and modify the Judgment entered against him. [Doc. # 53]. As a trial was not held on this matter, the court will interpret Defendant's Motion as a motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure, made applicable in bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 9023. For the reasons that follow, Defendant's Motion will be denied.

## BACKGROUND

Plaintiff commenced this adversary proceeding on August 1, 2014, seeking to avoid and recover alleged avoidable transfers [p]ursuant to 11 U.S.C. Sections 105, 547, 548 and/or 549 and 550; and Pendent or Incorporated by 11 U.S.C. Section 544, [t]he Ohio Uniform Fraudulent Transfer Act, O.R.C. Chapter 1336; and to [d]isallow [c]laim(s) pursuant to 11 U.S.C. Section 502(d) made to or for the benefit of Barry E. Savage (the 'Defendant')." [Doc. #1, p. 2]. He asserted that the Debtor in the underlying Chapter 7 case directly or indirectly made transfers to or for the benefit of Defendant on or about August 18, 2012, three days before Debtor filed his Chapter 7 bankruptcy petition. [Doc. # 1, ¶ 9].

The transfers Plaintiff sought to avoid were of two vehicles, a 1954 MG and a 1977 Ferrari, originally alleged by the Trustee to be valued at $20,000.00 and $30,000.00 respectively. [*Id.*]. Plaintiff sought to avoid the alleged preferential or fraudulent transfers and recover either the vehicles or the full amount of the transfers as property of the Chapter 7 bankruptcy estate. [Doc. # 1, p. 13]. Both Plaintiff and Defendant filed motions for summary judgment seeking judgment on the complaint.

In the Memorandum of Decision and Order, the court found that the transfers of a 1954 MG and a 1977 Ferrari were preferential transfers avoidable under 11 U.S.C. Section 547(b), and recoverable under 11 U.S.C. Section 550(a)[1]. After reviewing the valuation evidence provided by Plaintiff and Defendant, the court entered an order on February 24, 2016, finding the fair market value of both vehicles to have a combined total value of $32,000.00. [Doc. # 49]. Accordingly, the preferential transfers were found to recoverable at that value, with prejudgment interest accruing at the statutory rate beginning on August

---

[1]/ *Dymarkowski v. Savage (In re Hadley)*, 541 B.R. 829 (Bankr. N.D. Ohio 2015).

1, 2014. A judgment in the amount of $32,000.00, plus pre-judgment interest, was also entered on February 24, 2016. [Doc. # 50].

## DISCUSSION

**I. Fed. R. Civ. P. 59(e)**

Rule 59(e) is silent about the standard or grounds for relief thereunder. However, courts interpreting Rule 59(e) have recognized three grounds for amending an earlier judgment, as Defendant seeks in this case: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not previously available; or (3) to correct a clear error of law or prevent manifest injustice. *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993); *see also Javetz v. Bd. Of Control, Grand Valley State Univ.*, 903 F. Supp. 1181, 1190 (W.D. Mich. 1995); *Weyerhaeuser Corp. v. Koppers Co., Inc.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Gen Truck Drivers, Local No. 957 v. Dayton Newspapers, Inc.,* 190 F.3d 434, 445 (6th Cir. 1999); *Gencorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999).

A motion under Rule 59(e) is not to be treated as an opportunity to re-argue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Further, motions for reconsideration "cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during the pendency of the summary judgment motion." *Am. Marietta Corp. v. Essroc Cement Corp.,* 59 Fed.Appx. 668, 672 (6th Cir. 2003). The decision to grant or deny a Rule 59(e) motion is entrusted to the sound judgment of the court. *In re Russell*, 448 B.R. 212 (N.D. Ohio 2011).

Defendant's Motion does not satisfy any of the aforementioned three grounds recognized to amend an earlier judgment. He does not argue that there has been an intervening change in controlling law, nor does Defendant allege that new evidence has become available. Rather, in his attempts to show that the court's judgment is erroneous, Defendant is using his Motion as an opportunity to re-argue the case.

Defendant disagrees with the court's interpretation of an Ohio Supreme Court case, *Veltri v. Cleveland*, 167 Ohio St. 90, 146 N.E.2d 442 (1957), and argues that an Ohio Court of Appeals case, *Foor v. Huntington Bank*, 27 Ohio App.3d 76, 79, 499 N.E.2d 1297, 1301 (10th Dist. 1986) should have been given more deference by the court. [Doc. # 53, p. 3].

Defendant's argument that the court "should [have] realize]d [its] reliance on *Veltri* [was] misplaced to support its opinion" does not allege a clear error of law, nor does it prevent manifest justice.[2]

While the court discussed the Ohio Rules of Professional Conduct in its decision [Doc. # 44, p. 20], the discussion of the Rules, and specifically Rule 1.8(a), was not determinative in the court's final ruling and judgment in this case. As the court stated, it was not finding that Defendant acted unethically. Rather, it was cited as "an additional independent reason why the value of the bundle of [Defendant's] rights ...(assuming, contrary to this decision, that a lien validly attached to the two vehicles through possession)...would be less than the value of the bundle of rights acquired by Defendant when the two vehicle certificates of title were signed over to him...." [*Id.* at p. 21-22]. As the Ohio Rules of Professional Conduct were not determinative to the overall disposition of the case, Defendant's discussion of the Rules in his Motion is not well-taken.

Finally, Defendant spends the remaining eight pages of his Motion attempting to re-argue his case, in a second attempt to prove that he had an alleged attorney's lien on the two vehicles. Defendant's arguments regarding duplicate titles and Defendant's lien rights even attempt to present new theories to the court.

"A motion under Rule 59(e) is not intended to provide the parties an opportunity to relitigate previously-decided matters or present the case under new theories. Rather, such motions are intended to allow for the correction of manifest errors of fact or law, or for the presentation of newly-discovered evidence." *In re Nosker,* 267 B.R. 555, 564 (Bankr. S.D. Ohio 2001). "The burden of demonstrating the existence of a manifest error of fact or law rests with the party seeking reconsideration." *Id.* at 565. *See also, Hamerly v. Fifth Third Mortg. Co. (In re J & M Salupo Dev. Co.),* 388 B.R. 795, 805 (B.A.P. 6th Cir. 2008).

As set forth in the *Staton* decision, three grounds have been set forth that allow a court to grant a motion pursuant to Rule 59(e). Defendant has not established any of the three ground: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not previously available; or (3) to correct a clear error of law or prevent

---

2/ Moreover, while the standards for Summary Judgment require that the facts be viewed in the light most favorable to the non-moving party, the law is the law. The proper place to challenge this court's interpretation of the law is through the appellate process.

manifest injustice.  Thus, Defendant's Motion will be denied.

      **THEREFORE**, for the foregoing reasons, good cause appearing,

      **IT IS ORDERED** that Defendant's "Motion for New Trial or in the Alternative to Amend and Modify the Judgment" [Doc. # 53] be, and hereby is, **DENIED.**

###